UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER DAILE ELLISON, Personal
Representative of the Estate of BRIAN
KEITH GILL, Deceased,

    Plaintiff,

v.                                                Case No. 07-11213

UNITED STATES OF AMERICA,        HONORABLE AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE[1]

### I. Introduction

    This is a wrongful death case brought against the United States of America (the government) under the Federal Tort Claims Act (FTCA) 28 U.S.C. **§**1346 by plaintiff Heather Daile Ellison as Personal Representative of the Estate of Brian Keith Gill. On April 4, 2005, Gill was involved in a fatal collision when the motorcycle he was operating collided with a vehicle driven by a United States Postal Service (USPS) employee delivering mail.

    Before the court is the government's Motion to Dismiss under Fed. R. Civ. P. 12 (b)(1) on the grounds that plaintiff did not comply with the statutory time limit under the FTCA. The sole issue is whether the complaint was timely filed under 28 U.S.C. **§§** 2675(a) and 2401(b). For the reasons that follow, the motion will be granted.

---

[1] The Court ordinarily would schedule this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

## II. Procedural Background

On September 1, 2005, plaintiff filed an administrative tort claim with the USPS in accordance with 28 U.S.C. § 2675(a). On November 21, 2005, plaintiff received a letter from the USPS stating, "we intend to adjudicate this claim as soon as possible, but be aware that by Statute, the Postal Service has six months [from the date the administrative claim was filed] in which to adjudicate your claim." On August 22, 2006, the USPS sent a letter to plaintiff, nearly one year after the administrative claim was filed, denying her claim. The denial letter stated, pursuant to 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), that if plaintiff is dissatisfied with USPS's final denial of the administrative clam, plaintiff "may file suit in a United States District Court no later than six (6) months after the date the postal service *mails* the notice of that final action." Approximately seven months later, on March 21, 2007, plaintiff filed her complaint.

## III. Discussion

### A. Legal Standard

Rule 12(b)(1) provides for a motion to dismiss for lack of jurisdiction. In order to defeat a motion under 12(b)(1), the plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial." A federal claim is substantial unless "prior decisions inescapably render [it] frivolous." Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit, 738 F.2d 163, 165 (6th Cir. 1984). In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made. Musson Theatrical v. Federal Express Corp., 89 F.3d 1244, 1248 (1996).

The government, as sovereign, is immune from suit save as it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). In construing waivers of sovereign immunity, courts are not free to extend the waiver beyond what Congress intended. United States v. Kubrick, 444 U.S. 111, 118 (1979).

2

The FTCA, 28 U.S.C. § 2675(a), provides procedural requirements for the waiver of United States' immunity:

> (a) An action [under the FTCA] shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The statutory limitation period for filing a FTCA claim against the United States is prescribed by 28 U.S.C. § 2401, which provides:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriated federal agency within two years after such claim accrues *or unless action is begun within six months after* the date of mailing, by certified or registered mail, of *notice of final denial of the claim by the agency to which it was presented*. (emphasis added)

### B. Analysis

It is undisputed that plaintiff properly filed an administrative claim with USPS, thus complying with the statutory notice requirement proscribed in 28 U.S.C. 2675(a). However, the government argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction due to failure to comply with 28 U.S.C. § 2401(b). Specifically, the United States says that the complaint was not filed within six months after receiving the letter from USPS denying plaintiff's administrative claim.[2]

Plaintiff first argues that her complaint is not barred under the plain language of 28 U.S.C. § 2401(b). Pointing to the word "or," plaintiff says that the statute unambiguously allows a claimant the option to proceed with his or her claim against the government by either presenting the claim to an agency within two years of accrual or

---

[2] The USPS letter denying plaintiff's administrative claim was dated August 22, 2006. Plaintiff filed her complaint on March 21, 2007–nearly seven months after receiving the denial letter.

3

by filing a legal action within six months of a final denial being issued. On this logic, plaintiff asserts that by presenting her administrative claim to the USPS on September 1, 2005, five months after the accident occurred, she has complied with the statute.

The Court of Appeals for the Fifth Circuit rejected such an interpretation of § 2401(b) in Houston v. United States Postal Service, 823 F.2d 986, 902 (5th Cir. 1987), stating:

> Though phrased in the disjunctive, this statute requires a claimant to file an administrative claim within two years and file suit within six months of its denial. Willis v. United States, 719 F.2d 608, 612 (2d Cir. 1983) (per Friendly, J.); Dyniewicz v. United States, 742 F.2d 199, 201 (D.C. Cir. 1980); cf. Reynolds v. United States, 748 F.2d 291 (5th Cir. 1984) (dismissing amended complaint brought against United States after the expiration of the six-month period, even though plaintiff had timely filed an administrative claim).

The Court agrees with the Fifth Circuit. Even though the statute uses the word "or," claimant must file an administrative claim within two years after the claim arises and, if denied, file suit within six months from the date of the mailing of the denial letter. Thus, although plaintiff has complied with the first requirement of the statute, she failed to meet the second requirement by filing the complaint nearly seven months after receiving the denial letter - one month late.

Plaintiff also argues that she was not bound by the six-month limitation of 28 U.S.C. § 2401(b) because the USPS failed to dispose of her claim in writing within six months as required by § 2675(a). 28 U.S.C. § 2675(a) provides, in pertinent part:

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

By failing to deny her claim or make a final disposition of her claim within six months, plaintiff says that the interplay between § 2401(b) and § 2675(a) allows her the option to consider it denied at any time after the six-month period and file action whenever she chooses, with infinite discretion.

In support of her position, plaintiff cites numerous cases, all of which are factually

4

dissimilar from the case at hand. In all of the cases cited, the government agency failed to issue any final denial letter whatsoever. For example, in Mack v. United States, 414 F. Supp. 504 (E.D. Mich. 1976), the plaintiff filed suit under the FTCA, for property damage, three years after his claim was submitted to the USPS. The USPS, however, failed to ever issue a denial or take any action on the plaintiff's administrative claim. The plaintiff filed suit, and the government filed a motion to dismiss for lack of jurisdiction. The district court denied the motion, stating "it is evident that Congress intended to prescribe a period no longer than six months after agency denial of a claim for filing suit in federal court." Id at 506. However, the district court stated that it was less clear what Congress intended in cases where no notice of a final agency denial is mailed. After reviewing § 2675(a) and § 2401(b), the district court held that "the six-month period of § 2401(b) was tolled during the time the case was before the agency [USPS]," Id. at 508. See also Pascale v. United States, 998 F.2d 186 (3d Cir. 1993); Reo v. United States Postal Service, 98 F.3d 73, 78 (3d Cir. 1996); Conn v. United States, 867 F.2d 916 (6th Cir 1986); Wojton v United States, 199 F. Supp. 2d 722 (S.D. Ohio 2002) (permitting a plaintiff to file a lawsuit irrespective of the six month requirement where the agency fails to issue a denial letter or take any action against the administrative claim).

The fact that USPS's denial letter was issued after the six-month § 2675(a) requirement does not effect enforcement of the six-month limitation period mandated by § 2401(b). Courts have noted that "the agency can start the section 2401(b) clock running at any time by mailing a final denial of the claim." Pascale, 998 F.2d at 192. See, e.g., Conn 867 F.2d at 921 ("an agency can simply deny the claim . . . and thereby cause the six-month period to begin to run."); Hannon v. United States Postal Serv., 701 F.Supp. 386, 389 (E.D.N.Y. 1988) (agency "remains free to issue a formal denial at any time, thus protecting itself form any prejudice due to the staleness of the claim and the

attendant loss of evidence"); Mack, 414 F.Supp. at 507 ("[I]t is within the power of the agency to start the running of the six-month period at any time by sending a written notice of denial.").

Here, the section 2401(b) clock was tolled while the administrative claim was still in the USPS's hand. However, it remained within the USPS's power to start running the six-month period by sending the written notice of denial. By mailing their written notice of denial on August 22, 2006, the USPS started the six-month limitation period and it ended on February 22, 2007. Plaintiff's complaint, filed on March 21, 2007 was nearly one-month late.

The requirement that a suit be properly filed within six months of the agency's denial of an administrative claim is entitled to strict construction. Kinson v. United States, 322 F.2d 684, (E.D. Va. 2004). This jurisdictional requirement cannot be waived. Garrett v. United States, 640 F.2d 24 (6th Cir. 1981); Rogers v. United States, 675 F.2d 123 (6th Cir. 1982). Therefore, plaintiff's failure to comply with the statute, 28 U.S.C. § 2401(b), requires dismissal of the action.

## IV. Conclusion

For the reasons stated above, the government's motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

Dated: June 28, 2007  s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 28, 2007, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160